**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **EMILIO ALEJANDRO DELEON** | § | |
| | § | |
| **V.** | § | **6:26-CV-387-CRW** |
| | § | **6:23-CR-234(1)-CRW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**ORDER**

Before the Court is Emilio Alejandro Deleon's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#2188 (unsigned), #2207 (signed)]. For the reasons set forth below, Deleon's Motion to Vacate is dismissed as time-barred.

**Background**

On November 14, 2023, Deleon was indicted for conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute cocaine, and smuggling goods from the United States. On December 3, 2024, Deleon waived a new indictment which dropped the methamphetamine and smuggling charges and added a charge of possession of a firearm by an illegal alien and pleaded guilty to both charges. On April 9, 2025, Deleon was sentenced to 186 months of imprisonment on the cocaine charge and 180 months of imprisonment on the firearm charge, to be served concurrently. Judgment was entered on April 15, 2025. Deleon did not appeal. Deleon filed his unsigned Motion to Vacate on June 15, 2026, and filed a signed copy of his motion on July 27, 2026.

**Analysis**

Section 2255 contains a one-year limitations period for the filing of a motion to vacate, set aside, or correct a federal sentence. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date

on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

Here, Deleon's conviction became final on May 15, 2025, at the latest. *See* Fed. R. App. P. 4(b)(1)(A) (giving a defendant fourteen days to file a notice of appeal from a judgment of conviction); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Consequently, Deleon had until May 15, 2026, to timely file his Section 2255 motion. Deleon filed his unsigned Motion to Vacate on June 15, 2026, one month after the limitations period had expired, and he did not file a signed copy until July 27, 2026, more than two months after the limitations period had expired. Thus, Deleon's motion is time-barred.

The Court ordered Deleon to show cause why his Motion to Vacate should not be dismissed as time-barred. Deleon responded and asserts that his native language is Spanish and he has faced severe obstacles due to his inability to read, write, or speak English. Deleon asserts that he only learned of the limitations deadline when other inmates translated the court rules for him and that he also needed translation assistance to file his Motion to Vacate. Deleon also contends that, as soon as he learned of the deadline he acted immediately. Finally, Deleon blames his unsigned filing on his inability to read the English form.

To the extent Deleon seeks equitable tolling, he fails to meet his burden. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted).

Deleon makes no showing that he has been pursuing his rights diligently or that any extraordinary circumstance stood in his way. Unfortunately for him, neither Deleon's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance warranting equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Furthermore, the inability to speak or read the English language are disabilities common to many incarcerated persons and, as such, they do not justify equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity [with the law] is due to illiteracy or any other reason."); *see also Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (collecting cases finding lack of proficiency in the English language did not amount to extraordinary circumstances warranting equitable tolling).

Deleon may also be asserting that the untimeliness of his application should be excused because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely

than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Deleon has made no valid attempt to show he was actually innocent of the crime for which he was convicted, nor has he provided any new or reliable evidence indicating that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

**Conclusion**

Because Deleon's motion was untimely filed and he has failed to identify a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or any new facts that give rise to a claim, the court dismisses his Section 2255 motion with prejudice, as time-barred.

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of Deleon's Section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* Thus, a certificate of appealability shall not be issued.

Accordingly,

IT IS ORDERED that Movant Emilio Alejandro Deleon's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#2188, 2207] is DISMISSED WITH PREJUDICE as time-barred.

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED on August 10, 2026

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE